IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WAKAYA PERFECTION, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>YOUNGEVITY INTERNATIONAL, INC. et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER:**<br>• **GRANTING [46] DEFENDANTS' MOTION TO STAY and**<br>• **TAKING UNDER ADVISEMENT [52] PLAINTIFFS' MOTION TO AMEND**<br><br>Case No. 2:16-cv-00315-DN<br><br>District Judge David Nuffer |

On March 17, 2016, Plaintiffs initiated this action against Defendants in Utah State court, alleging breach of contract and other violations.[1] On March 23, 2016, Defendants filed their own suit against Plaintiffs in a California federal district court.[2] Defendants subsequently removed the Utah state court action to the Utah federal court, resulting in this proceeding.[3] Instead of filing an answer, Defendants filed a Motion to Dismiss and/or Compel Arbitration ("Motion to Dismiss").[4] The Motion to Dismiss was granted,[5] on the basis that abstention was appropriate under the *Colorado River* test.[6] Plaintiffs appealed the dismissal to the Court of Appeals for the Tenth Circuit.[7] The Tenth Circuit reversed the dismissal and remanded the case, finding that the

---

[1] Notice of Removal, docket no. 3, filed Apr. 19, 2016.

[2] *Youngevity International Corp. v. Todd Smith*, No. 3:16-cv-704 (S.D. Cal).

[3] *Id*.

[4] Docket no. 20, filed Apr. 21, 2016.

[5] Memorandum Decision and Order Granting [20] Motion to Dismiss and Terminating [27] Motion for Leave to File, docket no. 38, entered Nov. 7, 2017.

[6] *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976).

[7] Notice of Appeal, docket no. 40, filed Nov. 9, 2017.

*Colorado River* test was not the appropriate standard to apply when deciding whether to abstain from exercising jurisdiction over one of two duplicative federal cases.[8]

Following remand, Defendants filed a motion to stay, abstain, or dismiss the case ("Motion to Stay").[9] Defendants primarily allege that this action should be stayed pending the outcome of the parallel California litigation. In the event that a stay is not granted, Defendants request that the court either abstain from or dismiss Plaintiffs' action. Plaintiffs opposed the Motion to Stay/Dismiss.[10] Defendants replied.[11] Plaintiffs also filed a motion to for leave to amend their complaint ("Motion to Amend").[12] Plaintiffs assert that they are not seeking to relitigate any issues already adjudicated by the District of California. Instead, Plaintiffs seek to amend their complaint in order to reconcile it with the counterclaims made in California and to include facts discovered since the filing of the prior complaint. Defendants filed a response[13] and Plaintiffs replied.[14] A hearing on both motions was held and oral argument heard on February 26, 2019.

## DISCUSSION

**Staying this action is appropriate to preserve judicial economy and to avoid conflicting results.**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for

---

[8] Docket no. 44, entered Jan. 3, 2019. In its Mandate, the Tenth Circuit articulates the appropriate test to apply when considering whether to abstain from exercising jurisdiction when a parallel case exists in federal court.

[9] Defendant's [sic] Motion to Stay and/or Dismiss, docket no. 46, filed Jan. 4, 2019.

[10] Plaintiffs' Opposition to Motion to Stay and/or Dismiss, docket no. 49, filed Jan. 18, 2019.

[11] Defendants' Reply in Support of Motion to Stay and/or Dismiss, docket no. 51, filed Jan. 30, 2019.

[12] Motion for Leave to Amend and Supporting Memorandum, docket no. 52, filed Feb. 7, 2019.

[13] Defendants' Response to Plaintiffs' Motion for Leave to Amend [Dkt. 52], docket no. 54, filed Feb. 15, 2019.

[14] Reply Memorandum in Support of Motion for Leave to Amend, docket no. 55, filed Feb. 21, 2019.

counsel, and for litigants."[15] "The granting of the stay normally lies within the discretion of the district court."[16] "When deciding whether to exercise its inherent power to stay, the court considers: (1) whether the stay would promote judicial economy; (2) whether the stay would avoid possible inconsistent results; and (3) whether the stay would not work undue hardship or prejudice against the plaintiff."[17]

Here, the first two factors heavily weigh in favor of a stay. The California action was filed only six days after this action was filed in Utah state court. While an answer has never been filed in this matter, the California proceedings have progressed substantially over the past two (almost three) years. The parties have completed comprehensive discovery, including the production of millions of pages in discovery, more than 70 depositions, and collectively 16 expert witnesses retained. The pre-trial motion practice has also been substantial with 36 motions for summary judgment and 12 *Daubert* motions filed. As a result, the California court has become fully immersed in the case and is familiar with the substantive issues involved. Additionally, Defendants request for an *en banc* panel review of a decision made by the Ninth Circuit Court of Appeals in the California case is currently pending and will impact what issues remain for trial. To step in at this point would not promote judicial economy and would risk possible inconsistent results between the two proceedings.

Finally, staying this matter will not result in undue hardship or prejudice to Plaintiffs. Plaintiffs' primary argument for proceeding in this forum is convenience. Plaintiffs assert that the majority of the witnesses reside in Utah and therefore, Utah is the most logical, equitable,

---

[15] *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

[16] *Pet Milk v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963).

[17] *Dutcher v. Bold Films LP*, No. 2:15-CV-00110-DB-PMW, 2018 WL 5849471, at *1 (D. Utah Nov. 8, 2018); *see also Landis v. North American Co.*, 299 U.S. 248, 254–255 (1936).

and convenient location to hold trial.[18] While the court is sensitive to Plaintiffs' choice of forum, this court does not have any control over whether the California action will proceed. As a result, Plaintiffs might ultimately be required to conduct two trials in two different locations and risk receiving two different outcomes. The potential undue hardship or prejudice to Plaintiffs does not outweigh the first two factors previously discussed.

Plaintiffs have asserted that they intend to seek transfer of the California action to this court under 28 U.S.C. § 1404. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."[19] There are several possible outcomes that may result from Plaintiffs' request to change venue, including but not limited to:

(1) Judge Moskowitz, the presiding judge over the California action, may deny the motion to transfer and proceed to hold trial in California;

(2) Judge Moskowitz may deny the motion to transfer, but agree to hold and preside over the trial in Utah; or

(3) Judge Moskowitz may grant the motion to transfer, but solely for purposes of allowing trial to take place in Utah.

The parties dispute whether this suit was properly filed in the District of Utah. However, that question may be properly decided by the California court in determining whether the transfer the case. In the event that the California case is transferred to Utah, the stay on this matter will be lifted.

Having determined that a stay is the most appropriate course of action, the remaining issues raised in the Defendant's Motion to Stay/Dismiss need not be addressed.

---

[18] Plaintiffs' Memorandum in Opposition at 1, docket no. 49.

[19] 28 U.S.C. § 1404(a).

**Plaintiffs' Motion to Amend is taken under advisement until the stay is lifted.**

In light of the decision to stay this case, Plaintiffs' Motion to Amend is taken under advisement. During oral argument, Plaintiffs indicated that if the California action were not transferred to Utah, then they would move to voluntarily dismiss these proceedings. Given that so much depends on how the California case proceeds—including what issues are ultimately certified for trial—judicial economy and the parties' resources are preserved by waiting to rule on Plaintiff's Motion to Amend while the case is stayed.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that the Motion to Stay/Dismiss[20] is GRANTED. This matter is stayed pending further action in the parallel California case, *Youngevity et al. v. Todd Smith et al*.

IT IS FURTHER ORDERED that the Motion to Amend[21] is taken under advisement during the stay. If the stay is lifted, the Motion to Amend will be determined at that time.

Dated February 28, 2019.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[20] Docket no. 46.

[21] Docket no. 52.